The Honorable Doug Wood State Representative P.O. Box 7078 Sherwood, Arkansas 72116
Dear Representative Wood:
This is in response to your request for an opinion on two questions concerning the regulation of "financial planning" firms, and whether certain actions undertaken by these entities would be considered "unfair trade practices" under Arkansas statutes regulating the business of insurance. Specifically, your two questions are as follows:
 1. Can a financial planning firm regulated pursuant to the Arkansas Insurance Department, advertise to their existing clients the availability of a referral reward system?
 2. Can agents for members of the firm offer gift certificates to retail outlets, who are their customers, in the amount of $50 for each referral which becomes a client of the firm?
It is my understanding from the wording of your request that your questions inquire as to whether such actions would be lawful under the Arkansas Code sections regulating "unfair trade practices" by insurance firms. Analysis of your questions therefore focuses on these statutes.[1]
It is my opinion that the answer to both of these questions is "no," if the financial planning services are in any way related to the sale or issuance of insurance policies, or are undertaken by virtue of, or under the authority of, a license issued by the Arkansas Insurance Department.
Because you state that the "financial planning firm" is regulated by the Arkansas Insurance Department, it is my assumption that the firm, or a member thereof, holds either a broker's, agent's, solicitor's, or consultant's license issued by the Arkansas Insurance Department. You do not indicate, however, exactly the nature of the "financial planning" services provided by the firm.[2]
It is clear, in my opinion, that the advertisement or implementation of a "referral reward system," by an entity regulated by the Arkansas Insurance Department, would, if the system is related to the sale of insurance, be subject to the prohibition against the paying of "rebates," (A.C.A. §23-66-206(8) (Cum. Supp. 1991), which are defined generally as making, or offering to make any agreement with regard to aninsurance contract other than as stated therein, or the paying or giving, or offering to pay or give, directly or indirectly,as inducement to the insurance contract, of any valuable consideration whatever not specified in the contract. Seealso A.C.A. § 23-66-308(1987). Such a firm would also be subject to the proscription of A.C.A. § 23-64-224 (Cum. Supp. 1991), which prohibits insurers from paying, directly or indirectly, any fee, commission, or other compensation for services as agent, broker, or solicitor in connection with anyinsurance unless the person so paid is licensed by the Arkansas Insurance Department or by the Insurance Department of another state. The statute also prohibits a licensee from sharing his commission or other compensation with any unlicensed person if the compensation was received on account of a transaction underhis license.
Additionally, A.C.A. § 23-66-311 prohibits life insurers from discriminating between policyholders by allowing them a portion or percent of any premium on the pretense of making the policyholder an agent or otherwise, unless the policyholder is licensed.
The two statutes first cited above would therefore prohibit the implementation of any type of referral reward system if the system operates "with regard to insurance contract[s]" or is operated "in connection with insurance" or contemplates the sharing of compensation arising from "a transaction under [an insurance] license." The first statute, would, in my opinion, prohibit the "advertisement" of such a system, by prohibiting even the "offer" of a rebate. Additionally, in my opinion, both a direct monetary reward and some type of gift certificate reward would fall within the broad definitions of "compensation" or "valuable consideration" used in these statutes and of the prohibitions against paying them "directly or indirectly."[3]
A factual question may arise, however, as to whether the particular financial planning firm's "referral reward system" is operated "with regard to insurance contract[s]," or "in connection with insurance," or whether the compensation paid arose from a transaction "under [an insurance] license." You have not indicated the nature of the business of the "financial planning firm" in question. I assume that if it is regulated by the Arkansas Insurance Department, however, the financial planning activities in which it engages are connected in some manner to the sale of insurance. This assumption, if correct, would prohibit the operation of any type of "referral reward system" by the firm. It is conceivable, however, if the "referral reward system" is in no way related to the business of insurance, that such a system would not be prohibited by the insurance statutes set out above. Consultation with officials at the Arkansas Insurance Department should therefore be had to determine the application of these laws to specific factual circumstances.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana Cunningham Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Other avenues of regulation of "financial planning firms," including any requirements of private associations, are therefore not discussed herein.
[2] I assume that the firm is not regulated by the Arkansas Securities Department or the Federal Securities and Exchange Commission as an "investment advisor." Referral reward systems operated by "investment advisors" are strictly regulated. See
17 C.F.R. § 275.206(4)(3).
[3] The third statute, which applies only to life insurers, prohibits only payment from "premiums" collected from any policyholder and would thus not appear to apply to the sharing of compensation other than premiums. Additionally, in this regard, section 23-66-310(c) states that any fee charged by a licensed insurance agent for services which are not customarily associated with the solicitation, negotiation, or servicing of an insurance contract shall not be deemed to be a premium or a charge for insurance, at least for purposes of the prohibition found in23-66-310(b) which prohibits charging more than the authorized premium for insurance.